E. William COOGAN, Jr.,
et al., Plaintiffs,

v.

CORNET TRANSPORTATION CO.,
INC., et al., Defendants.

Civ.A. No. S–99–3500.

United States District Court,
D. Maryland.

Feb. 12, 2001.

Peter A. Wimbrow, III, Law Office, Ocean City, MD, for plaintiffs.

Harry P. Stringer, Jr., Mudd, Harrison and Burch, Towson, MD, for defendants.

### ORDER

BREDAR, United States Magistrate Judge.

On August 23, 2000, this case was referred to the undersigned for resolution of all discovery disputes (Paper No. 25). Pending before the Court is Plaintiffs' Fourth Motion to Compel Discovery (Paper No. 35). I have considered the parties' submissions, and no hearing is necessary. *See* D. MD. R. 105.6.

I note first that Plaintiffs have again failed to comply with a Local Rule applicable to motions to compel. The Court previously denied Plaintiffs' Second Motion to Compel Disclosure and Discovery because they failed to comply with Local Rule 104.7. This time, Plaintiffs have complied with Local Rule 104.7 but have failed to comply with Local Rule 104.8, which requires that the parties exchange their motion to compel, opposition memorandum, and any reply and then discuss the dispute *before* filing the papers with the Court. I ordinarily would deny Plaintiffs' motion without considering the merits because of this deficiency. In this instance, however, I will suspend the requirement of

the Local Rule and consider Plaintiffs' motion to promote the Court's interest in judicial efficiency. My decision to do so should not be construed as excusing Plaintiffs' repeated failure to follow the procedures mandated by this Court in its Local Rules.

This case arose from a motor vehicle collision between a vehicle driven by Plaintiff E. William Coogan and a truck driven by Defendant Namon Lee Walker and allegedly owned by the corporate Defendants. Mr. Walker wrote an account of the accident at the scene. Plaintiffs sought to obtain this statement from Mr. Walker through a request for production of documents. Defendants refused, asserting that it was protected from disclosure by the work product doctrine as codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. Plaintiffs have asked this Court to compel Defendants to produce Mr. Walker's statement.[1]

Rule 26(b)(3) provides in pertinent part that

a party may obtain discovery of documents ... prepared in anticipation of litigation ... by ... another party ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means.

FED. R. CIV. P. 26(b)(3). This rule codified the work product doctrine announced in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), as it applies to tangible items in civil proceedings. The present dispute turns on whether Mr. Walker's statement was "prepared in anticipation of litigation" and, if so, whether Plaintiffs have a "substantial need" for the statement and cannot obtain its "substantial equivalent" without "undue hardship."

Assuming (without deciding) that Mr. Walker's statement was prepared in anticipation of litigation, I hold that Plaintiffs are entitled to the statement because they have a "substantial need" for it and cannot obtain its "substantial equivalent." The Fourth Circuit has recognized the special value of contemporaneous statements. *See Goosman v. A. Duie Pyle, Inc.*, 320 F.2d 45, 50 (4th Cir.1963) (citation omitted). When considering whether a party has a substantial need for statements taken immediately after an accident, the Fourth Circuit has observed:

Statements of either the parties or witnesses taken immediately after the accident and involving a material issue in an action arising out of that accident, constitute "unique catalysts in the search for truth" in the judicial process; and where the party seeking the discovery was disabled from making his own investigation at the time, there is sufficient showing under the amended Rule to warrant discovery.

*National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 985 (4th Cir. 1992) (quoting *McDougall v. Dunn*, 468 F.2d 468, 474 (4th Cir.1972)). Mr. Walker's statement, made on the day of the accident, captured his immediate perceptions of the accident, uninfluenced by the passage of time or his present status as a defendant. Although there is a dispute over the gravity of Plaintiff's injuries, I find that it would not be reasonable to expect a layperson, injured when a truck collides with his automobile, to immediately hire an investigator or an attorney to record the contemporaneous statements of the other driver.[2] Indeed, a contrary decision would make it necessary for lawyers to approach injured persons in their hospital beds when they are at their most vulnerable, a practice that is widely con-

---

1. Plaintiffs' proposed order includes a line ordering Defendants to answer Plaintiffs' interrogatories. Because it appears from the submissions of the parties that Defendants have answered the interrogatories, the Court will disregard this line.

2. In *McDougall v. Dunn*, 468 F.2d 468 (4th Cir. 1972), the source of the foregoing quotation, the plaintiff was severely injured. The Court's holding that there was a sufficient showing to permit discovery because the plaintiff's injuries prevent him from investigating the accident immediately does not mean that a plaintiff is entitled to work product only if he was prevented from investigating by injuries. In other words, the fact that severe injuries were *sufficient* to permit a plaintiff to obtain work product created at the scene does not mean that such injuries are *necessary* for plaintiff to obtain such work product.

demned as unethical.[3] I therefore hold that Plaintiffs have a "substantial need" for this statement as evidence of what occurred and possibly for impeachment purposes, and that Plaintiffs probably could not have obtained the substantial equivalent of this contemporaneous statement, i.e., another contemporaneous statement, without undue hardship.

■ This result is consistent with the purpose of the work product doctrine. Under the doctrine, fact work product is "clothed with a qualified immunity that is grounded on a proprietary aspect of the work." *Id.* at 984. The Fourth Circuit explained that "[t]he immunity for this class of document is little more than an 'anti-freeloader' rule designed to prohibit one adverse party from riding to court on the enterprise of another." *Id.* This is not a situation in which Defendants have spent time and incurred expense to uncover certain facts and Plaintiffs want to use the discovery process to avoid doing the same work. Defendant Walker, a witness to the accident, simply recorded his observations as required by the other Defendants.

This result is also consistent with the purposes of discovery. "A lawsuit, it has been well said, 'is not a sporting event, and discovery is founded upon the policy that the search for truth should be aided.' " *McDougall,* 468 F.2d at 473 (citations omitted). Permitting discovery of contemporaneous statements helps all parties to realistically assess what happened, which in turn stimulates the disposition of cases without the need for trials. *See id.* at 474.

For the foregoing reasons, it is hereby

ORDERED that Plaintiffs' Fourth Motion to Compel is GRANTED; and it is

FURTHER ORDERED that Defendants shall produce Mr. Walker's statement within fourteen days of the date of this Order; and it is

FURTHER ORDERED that copies of this Order shall be sent to counsel.

---

3. This practice has been colloquially characterized as "ambulance chasing." *See Ohralik v. Ohio State Bar Ass'n,* 436 U.S. 447, 459 n. 16, 98 S.Ct. 1912, 56 L.Ed.2d 444 (1978); *id.* at 469, 98 S.Ct. 1912 (Marshall, J., concurring).